IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-1020-WKW |
| | ) | [WO] |
| TRUST COMPANY OF VIRGINIA, | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Thomas Morris filed this action to recover his inheritance, accusing three Defendants of nine state-law torts. Two Defendants – Trust Company of Virginia (the "Trust Company") and George Mason University Foundation, Inc. (the "Foundation") – move to dismiss.[1] For the reasons that follow, the motion is due to be granted in part and denied in part.

## **I. JURISDICTION AND VENUE**

Subject matter jurisdiction over this action is exercised pursuant to 28 U.S.C. §§ 1332 and 1441. Personal jurisdiction and venue are uncontested.[2]

---

[1] Karen Loulakis, the third Defendant, answered the complaint rather than moving to dismiss it.

[2] The Foundation says it submitted its motion to dismiss "without waiver of its objections, if any, to Plaintiff's suggestion that venue in this Court is proper. . . ." The Federal Rules say otherwise. *See* Fed. R. Civ. P. 12(h)(1)(A).

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough

fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id*. at 555.

### III.  FACTUAL BACKGROUND

This lawsuit marks Mr. Morris's latest sortie in the ongoing battle for the estate of his late mother. A full account of that conflict would only complicate an already confused case. Stripped to the essentials, the story runs as follows:

Mr. Morris's mother died on March 25, 2011. She left two wills: one executed in 1998 naming Defendant Karen Loulakis the executor and naming the Foundation as the residuary beneficiary, the other executed in 2007 naming Mr. Morris the executor and leaving everything to the Morris family. When Mr. Morris admitted the 2007 will to probate here in Montgomery, he demanded that the Trust Company, Ms. Morris's conservator, turn over her estate to him. The Foundation, which would take under the 1998 will, made a similar demand of the Trust Company under that instrument. In an effort to resolve those competing demands, the Trust Company filed an interpleader action in the Circuit Court of Virginia Beach, Virginia. That court ruled that Ms. Morris was incompetent when she executed the 2007 will, voiding that instrument.

On May 19, 2011, the Montgomery County Probate Court ordered the Trust Company to turn over the mother's estate to Mr. Morris.[3]  But the Trust Company never did.  The complaint does not indicate where the estate's assets went, but the Trust Company says they were released to Ms. Loulakis for distribution under the 1998 will (Doc. # 9, at 8).

## IV.  DISCUSSION

Mr. Morris sues Defendants for nine state-law torts:  negligence, wantonness, conspiracy, fraudulent misrepresentation, fraudulent suppression, breach of fiduciary duty, wanton breach of fiduciary duty, conversion, and tortious interference with an expectancy.  That much is clear.

But that is all that is clear. The complaint suggests Mr. Morris pursues claims for torts against his mother, torts against himself, and (perhaps) torts against his mother's estate.  There is no indication, however, what counts proceed under which theory; the complaint regularly uses the general term *Plaintiff* to refer to all three.  For instance, the complaint alleges the Trust Company, the Foundation, and Ms. Loulakis "conspired and confederated to defraud Plaintiff" (Doc. # 1-1, ¶ 83), but it is unclear whether Defendants allegedly conspired to defraud Mr. Morris, his mother, his

---

[3]  The complaint fails to mention an important detail about this order:  The Alabama Supreme Court vacated it.  *See Ex parte Trust Co. of Virginia*, 96 So. 3d 67, 70 (Ala. 2012).  At any rate, the vacature of that order does not affect this opinion's analysis.

mother's estate, or some combination of the three.  Nor is it apparent which Defendants are accused of committing what torts.  This state of affairs has led to considerable confusion.  (The Foundation does not even know how many torts it is accused of committing – the Foundation thinks the number is two (Doc. # 8, at 8), but Mr. Morris insists it is six (Doc. # 16, at 5).)  A complaint must, at the very least, identify who accuses whom of what.  This complaint leaves Defendants (and the court) to guess.

The proper remedy for this confusion is to strike the complaint with leave to replead.  *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (recognizing the inherent authority of district courts to demand repleader *sua sponte*).  There is, however, sufficient clarity in the record for the court to conclude many of Defendants' arguments have merit.  To the extent Mr. Morris would replead his complaint to include all the claims his current one attempts, repleader is largely futile.  In order to facilitate a much-needed narrowing of the issues, this opinion will rule on the pending motions to dismiss to the extent possible before requiring Mr. Morris to replead whatever claims are left.

**A.     Mr. Morris cannot pursue claims for torts against his mother.**

Mr. Morris's complaint appears to mistakenly assume his mother's tort claims survived her death.  They did not.  *See* Ala. Code § 6-5-462; *Robbins v. Sanders*, 890

So. 2d 998, 1011 (Ala. 2004) (recognizing unfiled tort claims, including claims for breach of fiduciary duty, are extinguished upon death).  Whatever tort claims Ms. Morris might have had or maintained during her life died when she did.  Accordingly, all claims Mr. Morris brings for torts committed against his mother fail to state a claim upon which relief can be granted.

**B.     Mr. Morris cannot pursue claims for torts against himself.**

To the extent Defendants move to dismiss the claims Mr. Morris brings on his own behalf, they face no opposition.  When Mr. Morris responded to the motions to dismiss, he only opposed dismissal of "*those claims made on behalf of the Estate of Amy F. Morris,*" (Doc. # 16, at 1 (emphasis in original); Doc. # 17, at 1 (same); *see also* Doc. # 16, at 9 (noting Mr. Morris's "individual claims . . . [were] not argued or presented in [his opposition] brief"; Doc. # 17, at 10 (same)).  For the most part, Mr. Morris's briefs delivered on those promises, and there is virtually no mention of any claims he brings on his own behalf.[4]  Accordingly, the claims Mr. Morris brings on

---

[4] Mr. Morris's resolve faded toward the end, and he could not help but mount a defense for his claim of tortious interference with his inheritance.  That tort, however, does not exist in Alabama.  Mr. Morris admits as much, but urges that "this is a sufficiently extreme case to merit recognition of the tort." (Doc. # 17, at 14.)  Because the court sits in diversity, it must respect the United States Supreme Court's pronouncement that "the highest court of the state is the final arbiter of what is state law." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940); *see also* 28 U.S.C. § 1652.  The Alabama Supreme Court has consistently declined invitations to recognize a cause of action for tortious interference with an expectancy.  *See Holt v. First Nat'l Bank of Mobile*, 418 So. 2d 77, 81 (Ala. 1982); *see also Ex parte Batchelor*, 803 So. 2d 515, 519 (Ala. 2001) (withdrawing an earlier opinion that recognized the tort).  This court is bound to follow those precedents.

his own behalf are due to be dismissed as abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that when a party fails to offer argument on an issue, it is abandoned).

**C.     Mr. Morris may pursue claims for torts against his mother's estate.**

The complaint vaguely suggests Mr. Morris might intend to pursue claims for torts committed directly against his mother's estate. That theory might be viable. *See Robbins v. Sanders*, 890 So. 2d 998, 1011 (Ala. 2004) (recognizing a claim for a breach of fiduciary duty owed to an estate, rather than the decedent, was not barred by Alabama's survival statute). But neither Defendant has addressed it.

Defendants' silence is excusable, however, because it is not at all clear from the complaint whether Mr. Morris intends to actually pursue any such claims. The complaint only alleges a few facts related to Defendants' conduct after Ms. Morris's death, and those relate exclusively to the attempts to probate her wills and the Virginia interpleader action. Perhaps those facts support some of Mr. Morris's claims (*e.g.*, claims for breach of fiduciary duty and conversion). But they obviously do not support others (*e.g.*, the negligence and wantonness claims, which fail because they are expressly premised on a duty owed to Ms. Morris, not to her estate).

The complaint does not provide enough factual amplification for Defendants to divine what torts they are accused of committing against Ms. Morris's estate.

Under these circumstances, the best course of action is to strike Mr. Morris's complaint with leave to replead any claims for torts committed against Ms. Morris's estate. Of note, the signature of Mr. Morris's counsel certifies to the court that he pursues only "claims . . . warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). To avoid further confusion, any amended complaint Mr. Morris files may not use the general terms *Plaintiff* or *Defendants*, but should instead identify the parties by name.

## V.  CONCLUSION

It is therefore ORDERED that the motions to dismiss (Docs. # 8, 9) are GRANTED in part and DENIED in part as follows:

(1) With regard to the claims Mr. Morris brings on his own behalf and on his mother's behalf, the motions are GRANTED, and those claims are DISMISSED with prejudice;

(2) With regard to any claims Mr. Morris brings on behalf of his mother's estate that arose *after* she died, the motions are DENIED.

It is further ORDERED that the complaint is STRICKEN with leave to replead on or before **May 27, 2013**. Failure to timely file an amended complaint will result in dismissal.

DONE this 17th day of May, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
